FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB 0 6 2007

JAMES N. HATTEN, Clerk
By: *JReed* Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IQBAL KALLA,             :

    Plaintiff,        :

                               CIVIL ACTION NO.

v.                       :

                               1:06-CV-1732-MHS

MICHAEL CHERTOFF, Secretary, :
Department of Homeland Security,
et al.,                  :

    Defendants.       :

## ORDER

This action is before the Court on defendants' motion to dismiss. For the following reasons, the Court denies the motion.

Background

On July 15, 1997, plaintiff Iqbal Kalla, a citizen of South Africa, was admitted to the United States as a conditional permanent resident. In June 1999, plaintiff timely filed a Petition by Entrepreneur to Remove Conditions on Form I-829. To date, plaintiff has not been interviewed regarding his I-829 Petition either by Citizenship and Immigration Services (CIS) or by its

AO 72A
(Rev.8/82)

predecessor agency, the Immigration and Naturalization Service (INS), and his Petition has not been adjudicated.

On September 15, 2003, plaintiff filed an application for naturalization on Form N–400 with the CIS Texas Service Center, which subsequently transferred plaintiff's application to the CIS District Office in Atlanta. On June 7, 2004, plaintiff was examined at the CIS District Office in Atlanta in connection with his naturalization application. At the examination, plaintiff was administered history, government, and English language examinations, all of which he passed. A CIS examination officer subsequently informed plaintiff that a decision on his naturalization application could not be made because CIS had not adjudicated plaintiff's Petition by Entrepreneur to Remove Conditions. Over the next year, plaintiff made several written requests for a decision on his I-829 Petition and naturalization application, to no avail.

On July 29, 2006, plaintiff filed this action against the Secretary of the Department of Homeland Security, the Attorney General, the Director of CIS, the Director of the CIS Texas Service Center, and the District Director of the

CIS Atlanta District Office. Plaintiff's complaint seeks a judicial determination of his naturalization application and a declaration that he is entitled to be naturalized as a citizen of the United States. Alternatively, plaintiff seeks an order compelling CIS to adjudicate his Petition by Entrepreneur to Remove Conditions.

On November 9, 2006, while this action was pending, CIS issued a decision purportedly denying plaintiff's naturalization application on the grounds that plaintiff is not a lawful permanent resident of the United States. On November 13, 2006, defendants moved to dismiss plaintiff's complaint on grounds of mootness and lack of jurisdiction.

Discussion

Defendants contend that plaintiff's petition for a hearing on his naturalization application has become moot because the application has now been adjudicated. In addition, defendants contend that the Court lacks jurisdiction over plaintiff's alternative request for an order compelling CIS to adjudicate his Petition by Entrepreneur to Remove Conditions, because the

3

decision regarding when to process plaintiff's Petition is entirely within the Attorney General's discretion and is therefore not reviewable.

In response, plaintiff argues that the filing of this action vested this Court with exclusive jurisdiction over plaintiff's naturalization application, so that CIS's subsequent decision on the application was without legal effect and therefore did not render this action moot. With regard to his I-829 Petition, plaintiff argues that CIS has a statutory and regulatory duty to render a decision, and that an agency's failure to act under a statutory mandate is not a discretionary decision protected from judicial review.

For the reasons set out below, the Court agrees with plaintiff that the filing of this action vested this Court with exclusive jurisdiction over plaintiff's naturalization application. CIS lacked jurisdiction to act on the application after this action was filed, and its attempt to do so was ineffective. Therefore, this action was not rendered moot by CIS's purported denial of plaintiff's application. Since the Court concludes that it has exclusive jurisdiction over plaintiff's naturalization application, it need not address the

4

parties' arguments regarding plaintiff's alternative request for an order compelling CIS to adjudicate plaintiff's I-829 Petition.

The law provides that if CIS fails to make a determination of a naturalization application within 120 days after the applicant's examination, "the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter." 8 U.S.C. § 1447(b). In that event, the district court "has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." Id.

The issue raised by defendants' motion is whether Section 1447(b) grants the district court exclusive or only concurrent jurisdiction. If the former, then CIS was divested of jurisdiction once plaintiff filed this action, and its subsequent denial of plaintiff's application is a nullity. If the latter, then CIS retained jurisdiction even after plaintiff filed this action, and its subsequent denial of plaintiff's application renders this action moot.

5

The Eleventh Circuit has not decided this question. However, the Ninth Circuit, in an en banc decision, carefully analyzed the statutory language, its context, and Congress's policy objectives and concluded that Section 1447(b) grants the district court *exclusive* jurisdiction. U.S. v. Hovsepian, 359 F.3d 1144, 1159-64 (9th Cir. 2004)(en banc). A number of district courts have followed the Ninth Circuit's interpretation. See, e.g., Zaranska v. U.S. Dep't of Homeland Security, 400 F. Supp. 2d 500, 503 (E.D. N.Y. 2005); Castracani v. Chertoff, 377 F. Supp. 2d 71, 73 (D. D.C. 2005); Alghamdi v. Ridge, No. 3:05cv344-RS, 2006 U.S. Dist. LEXIS 68498 at *18 (N.D. Fla. Sept. 25, 2006); Meyersiek v. U.S. Citizenship and Immigration Serv., No. CA 05-398 ML, 2006 WL 1582397 at *2 (D. R.I. June 6, 2006); Meraz v. Comfort, No. 05 C 1094, 2006 WL 861859 (N.D. Ill. Mar. 9, 2006). This Court finds the Ninth Circuit's well-reasoned analysis in Hovsepian persuasive.

Defendants rely on an unpublished Fourth Circuit decision and two recent district court decisions that reached the opposite result. See Kia v. U.S. Immigration and Naturalization Serv., No. 98-2399, 175 F.3d 1014 (table), 1999 WL 172818 (4th Cir. Mar. 30, 1999); Etape v. Chertoff, 446 F.

6

Supp. 2d 408 (D. Md. 2006); Farah v. Gonzales, No. Civ. 05-1944 DWFAJB, 2006 WL 1116526 (D. Minn. Apr. 26, 2006). The Court finds each of these cases either distinguishable or unpersuasive.

In Kia, a Fourth Circuit panel affirmed the district court's dismissal of a Section 1447(b) complaint as moot because INS had denied the plaintiff's application for naturalization while the complaint was pending. Kia is unpersuasive. As the district court pointed out in Zaranska: "Kia was decided prior to Hovsepian, relies on a Ninth Circuit decision that was distinguished and overruled in Hovsepian, and unlike Hovsepian, does not include any detailed analysis of § 1447 or its legislative history." Zaranska, 400 F. Supp. 2d at 503.

In Farah, another unpublished decision, the district court dismissed the plaintiff's Section 1447(b) action as moot after CIS issued a decision denying his application for naturalization. This Court finds Farah distinguishable. In that case, the plaintiff included in his complaint an alternative request that the district court compel CIS to adjudicate his application for naturalization. Therefore, when CIS issued a decision while the action was

7

pending, the plaintiff had obtained the relief he was seeking, and his complaint was therefore moot. In this case, on the other hand, plaintiff's complaint seeks only a judicial determination of his naturalization application and contains no alternative request for an order compelling CIS to adjudicate the application.

Finally, in Etape v. Chertoff, 446 F. Supp. 2d 408, 416 (D. Md. 2006), the district court concluded that the reasoning in Kia, Farah, and the panel decision in Hovsepian was "more logical." As discussed above, this Court finds both Kia and Farah either unpersuasive or distinguishable, and the en banc decision of the Ninth Circuit in Hovsepian persuasive. Therefore, this Court respectfully disagrees with the district court's decision in Etape.

Summary

For the foregoing reasons, the Court DENIES defendants' motion to dismiss [#9].

IT IS SO ORDERED, this 6th day of February, 2007

Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia

8